**E-FILED on** 7/11/05

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DOUGLAS J. WILLIAMS, | No. C-05-00322 RMW |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |
| v. | |
| JON N. SY, STEVE HALE, JAMES A. BAKER, MIKE MILLER, JERRY W. BREZINA, and DOES 1 thorough 100, inclusive, | [Re Docket No. 18] |
| Defendants. | |

Plaintiff Douglas Williams, proceeding *pro se*, claims the following in his complaint against defendants Jon Sy, Steve Hale, James A. Baker, Mike Miller, and Jerry Brezina: conspiracy to interfere with civil rights under 42 U.S.C. §§ 1983, 1985(3) and 18 U.S.C. § 241, fraudulent inducement to contract under 18 U.S.C. § 1001, defamation under California Civil Code §§ 43-46, and intentional infliction of emotional distress ("IIED"). Defendants move to dismiss Williams' complaint for lack of subject matter jurisdiction, insufficiency of service of process, and failure to state a claim upon which relief can be granted. Alternatively, defendants request the court to grant their motion for a more definite statement. Williams neither opposed defendants' motion nor appeared at the hearing. For the reasons set forth below, the court GRANTS defendants' motion to dismiss.

## I. ANALYSIS

A motion to dismiss may not be granted solely because a *pro se* plaintiff has not filed an opposition. *See Curtis v. Bembenek*, 48 F.3d 281, 287 (7th Cir. 1995); *see also McKeever v. Block*, 932 F.2d 795, 799 (9th Cir. 1991) (reasoning that plaintiff is entitled to stand on complaint). However, a *pro se* plaintiff's motion may still be dismissed for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). A Rule 12(b)(6) motion tests the legal sufficiency of the non-moving party's claims when that party's material allegations, as set forth in its complaint, are accepted as true and construed in the light most favorable to it. *See Barron v. Reich*, 13 F.3d 1370, 1374 (9th Cir. 1994). Dismissal can be based on the "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).

For the following reasons, all of Williams' claims are dismissed:

(1) Plaintiff's complaint fails to allege that defendants are state actors or were otherwise willful participants in joint activity with the state or its agents, as necessary to sustain a civil rights claim under 42 U.S.C. § 1983.

(2) Plaintiff's complaint fails to allege that defendants acted under color of state law or were motivated by some class-based, discriminatory animus, as necessary to sustain a claim of conspiracy to interfere with civil rights under 42 U.S.C. § 1985(3).

(3) Plaintiff's claim under 18 U.S.C. § 241 of conspiracy to interfere with rights is dismissed on the grounds that a private citizen does not have standing to enforce criminal laws.

(3) For the same reason, plaintiff's fraud claim under 18 U.S.C. § 1001 is dismissed.

(4) Plaintiff's cause of action for defamation under California Civil Code §§ 43-46 is dismissed on the grounds that plaintiff has failed to allege that defendants published visual materials or oral statements regarding plaintiff.

(5) Plaintiff's IIED claim is barred by the California Workers' Compensation Act because plaintiff has not alleged facts showing that his distress occurred outside the scope of employment with Swift Transportation Company, his former employer.

Alternatively, the court may dismiss the case against Brezina, Hale, Baker, and Sy for insufficiency of process. Fed. R. Civ. P. 12(b)(5). "If service of the summons and complaint is not made upon a

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS—C-05-00322 RMW
SHL/MAG                                    2

1  defendant within 120 days after the filing of the complaint, the court . . . shall dismiss the action without
2  prejudice as to that defendant or direct that service be effected within a specified time . . . ."  Fed. R. Civ.
3  P. 4(m).  As plaintiff has not properly served Brezina, Hale, Baker, and Sy pursuant to Federal Rule of
4  Civil Procedure 4(e), and more than 120 days have passed since the filing of the complaint on January 24,
5  2005, plaintiffs' claims against these defendants may be dismissed.

### III.  ORDER

For the foregoing reasons, the court GRANTS defendants' motion to dismiss.  Plaintiff shall have thirty days from the date of this order to amend his complaint and ten days thereafter to effect service on defendants Sy, Hale, Baker, and Brezina.

DATED:   7/8/05                              /s/ Ronald M. Whyte
                                             RONALD M. WHYTE
                                             United States District Judge

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS—C-05-00322 RMW
SHL/MAG                            3

**Notice of this document has sent to:**

**Plaintiff:**
Douglas J. Williams
Post Office Box 52198
Pacific Grove, CA 93950
PRO SE

**Counsel for Defendant(s):**
Ronald J. Holland
Todd Kenneth Boyer
Littler Mendelson, P.C.
650 California Street, 20th Fl.
San Francisco, CA 94108

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**        7/11/05                                           /s/ MAG
                                                          **Chambers of Judge Whyte**

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS—C-05-00322 RMW
SHL/MAG                                    4